# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

        Plaintiff,

vs.                                                                                                                   No. CR 05-2369 JB

DANIEL ZUNI,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion for Continuance, filed June 7, 2006 (Doc. 45). Defendant Daniel Zuni combines his motion for a continuance with a request that the Court release him pending trial. On June 9, 2006, the Court granted Zuni's request for a continuance and vacated the trial. The Court held a hearing on Zuni's request for release on June 12, 2006. The primary issue is whether the Court can fashion a condition or a combination of conditions that will reasonably assure Zuni's appearance, as required, and assure the safety of the community and specific persons. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny Zuni's request that the Court release him.

## FACTUAL BACKGROUND

**1.**        **Zuni's History/Residence/Family Ties.**

Zuni was born on July 23, 1962 and is thus 43 years old. See Pretrial Services Report ("PSR") at 1. He advised that he was born in Gallup, New Mexico to Nelson Zuni (deceased) and Sarah Zuni of Pinedale, New Mexico. See id. He reported daily contact with his mother. See id. Zuni listed seven siblings, all of whom reside in the Gallup area, and he maintains frequent contacts

with them. See id.

Zuni reported a prior relationship – 1985 to 1998 – with Tonilee Becenti, which produced two children, ages 21 and 13. See id. Zuni states that he maintains twice monthly contact with his two oldest children, who reside in Crownpoint, New Mexico with Becenti. See id.

Zuni also reported a prior relationship – December 1997 to May 2005 – with Denise Billy, which also produced two children, ages seven and five. See id. Zuni stated that he has daily contact with his two youngest children, who reside south of Gallup with Billy. See id. Billy is the alleged victim in the offense before the Court.

Zuni reported that he is a lifelong resident of the Gallup area. See id. He stated that he lives at 473B Fallen Maple Canyon, Pinedale, New Mexico. See id. He has been at that address for five years. See id. He lives at this physical address with his mother and with his sister, Rosemary Zuni. See id. His mailing address is a post office box in Churchrock, New Mexico. See id.

Zuni advised, however, that for the month before his arrest, because of increased gasoline prices, he has been staying with his sister, Evelyn John, in Gallup during the week, as that is where he works. See id. He returns to his mother's house on the weekends. See id. John verified Zuni's current residency and residential history, and noted that, in the early 1980s, Zuni resided in Phoenix, Arizona for a short period of time. See id.

John expressed support for her brother and stated that she was willing to assist with conditions of release, including acting as a third-party custodian. See id. She advised that she works for Indian Health Services as a supervisor in the business office. See id. She informed that she was convicted of driving while intoxicated several years ago, but stated that she no longer consumes alcohol and has never used an illegal substance. See id. According to Zuni, John's home, which is

located in Gallup, is approximately twenty miles from where the alleged victim resides.  See id.

      **2.     Employment/Financial Resources.**

Zuni stated to Pretrial Services that, for the past two years, he has been working as the court liaison for Na'Nizhoozhi Center, a residential substance abuse treatment center in Gallup.  See id. at 2.  His monthly income is $1,400.00.  See id.  Zuni stated, however, that because of his arrest for this offense, he does not believe he will be able to return to work.  See id.  Zuni reported prior employment as a police officer for the Navajo Nation from 1985 to 1998.  See id.

While working for the Navajo Nation, Zuni stated that he also worked as an undercover officer for the Gallup Police Department from 1993 to 1994.  See id.  John verified her brother's employment history as a court liaison and police officer.  See id.  While Zuni stated that he resigned from the police after relocating because of his separation from Becenti in 1998, his sister informed Pretrial Services that her brother was forced to resign because of a domestic dispute that occurred between him and Becenti.  See id.

Zuni provided Pretrial Services with the following estimate of his financial assets and liabilities: (i) Assets: 2000 Jeep Wrangler $16,000.00; (ii) Liabilities: 2000 Jeep Wrangler $16,000.00; (iii) Monthly Income: payroll $1,400.00; and (iv) monthly expenditures: 2000 Jeep Wrangler $400.00; child support $300.00; and utilities $150.00.  See id.  John verified Zuni's financial assets and liabilities; however, she was unsure as to specific value amounts.  See id.

      **3.     Health.**

Zuni reported to Pretrial Service that he is in good physical health, and his sister verified this information.  See id.  Zuni denied any alcohol or drug use.  See id.  John stated that, to her knowledge, her brother does not consume alcohol or use illegal substances.  See id.

In terms of mental health, Zuni stated that, since his separation from Billy in May 2005, he has felt depressed, as he is worried that he is going to lose his children. See id. He informed Pretrial Services that, a few months ago, he was at a "low point" and thought about suicide, telling Billy: "I have no reason to go on." Id. He denied any current suicidal thoughts. See id. John described her brother as "totally depressed." Id. She also advised that her brother has participated in anger management counseling. See id.

**4.   Prior Record.**

Pretrial Services has advised the Court that its research of local records and of the National Crime Information Center ("NCIC") database revealed a substantial offense history. See Memorandum at 1 (dated March 2, 2006).

On July 16, 1985, in Crownpoint, Zuni was charged with Interfering with Judicial Proceedings. See id. The case was dismissed that same date. See id.

On July 1, 1986, in Crownpoint, Zuni was charged with Interfering with Judicial Proceedings. See id. On July 11, 1986, he was ordered to pay a $30.00 fine. See id.

On March 2, 1989, in Crownpoint, Zuni was charged with Interfering with Judicial Proceedings. See id. On that same date, the case was dismissed. See id.

On August 8, 1990, in Crownpoint, Zuni was charged with Interfering with Judicial Proceedings. See id. On August 27, 1990, Zuni was ordered to pay a $50.00 fine. See id.

According to the police report, on August 28, 1999, in Crownpoint, Zuni, who was employed as a police officer, was dispatched to Christina Upshaw's home to investigate a domestic violence incident. See id. Upshaw alleges that Zuni touched her inappropriately and made inappropriate comments to her while he was investigating the matter. See id. The incident was subsequently turned

over to the Internal Affairs Department. See id. Pretrial Services requested disposition information from the Crownpoint Tribal Court, but at the time that Pretrial Services put together its Bail Report, it had not received that information. See id. When Pretrial Services updated Zuni's prior record in March 2006, it noted that Crownpoint Tribal Court was unable to locate any disposition for this arrest. See id.

According to the police report, on September 18, 1999, in Crownpoint, the victim, Tonilee Becenti, alleged that Zuni grabbed her, pushed her, and threatened to kill her. See id. at 2. Zuni was charged with threatening and battery. See id. On August 1, 2000, for Count I, Zuni was sentenced to ninety days jail, suspended, and placed on ninety days probation. See id. For Count 2, Zuni was sentenced to ninety days jail and ordered to pay a $250.00 fine. See id. For Count 3, Zuni was sentenced to ninety days jail and ordered to pay a $250.00 fine. See id.

According to the police report, on September 22, 1999, Zuni was found at Becenti's home in Crownpoint, in violation of a protective order. See id. Zuni stated that he was only there to visit his children and that the allegations regarding the restraining order were "absurd." Id. Police escorted Zuni off of the property. See id. Pretrial Services requested disposition information from the Crownpoint Tribal Court, but Crownpoint Tribal Court was unable to locate any disposition for this arrest. See id.

According to the police report, on September 29, 1999, in Crownpoint, Becenti, the victim, alleged that Zuni was harassing her and had attempted to have the electricity in her home disconnected. See id. On September 30, 1999, a warrant was issued, and Zuni was arrested that same date. See id. Crownpoint was unable to locate any disposition for this arrest. See id.

On June 24, 2002, in Crownpoint, Zuni was charged with Battery and Endangering the

Welfare of a Minor. See id. On November 18, 2003, prosecution was deferred. See id.

According to the police report, on June 13, 2003, in Crownpoint, Billy, the victim, alleged that Zuni grabbed her, pushed her, and prevented her from leaving. See id. Zuni was charged with Battery. See id. Pretrial Services requested disposition from the Crownpoint Tribal Court, but Crownpoint Tribal Court was unable to locate any disposition for this arrest. See id.

The United States alleges that, at the time of the alleged offenses, the victim in this case was under an Order of Protection issued on May 31, 2005 against Zuni by the Family Court of the Navajo Nation, District of Crownpoint. See Notice of Intent to Offer Res Gestae Evidence at 1, filed May 30, 2006 (Doc. 40). This order enjoined and barred Zuni from disturbing, hindering, and interfering with the peaceful enjoyment of life by Billy. See Order of Protection at 2 (dated May 31, 2005). The order also enjoined Zuni from abusing Billy, including sexual assault. See id. The Order of Protection expires on June 20, 2007. See id. at 1.

On September 16, 2005, a hearing was held on the Petition for Domestic Abuse Protection Order in the Family Court of the Navajo Nation, Judicial District of Crownpoint, New Mexico. See Domestic Abuse Protection Order at 2 (dated September 20, 2005). At the conclusion of the hearing, the Commissioner found that Billy had proven the allegations of domestic abuse by a preponderance of the evidence. See id. The Commissioner recommended to the Navajo court that Zuni not abuse, stalk, threaten, or commit any further domestic abuse against Billy or her immediate family. See id. The order recommended to the Navajo court that Zuni make prior arrangements with Billy to visit his children. See id. at 3. On September 20, 2005, a Judge for the Court of the Navajo Nation reviewed the Commissioner's recommendations and found them to be binding upon the parties for two years or until further order of the court. See id.

On September 17, 2005, the United States alleges that Zuni attempted to physically take his daughter from Billy's custody at a soccer game in Gallup, New Mexico. See Notice of Intent to Offer Res Gestae Evidence at 2. A soccer coach intervened, and Zuni left the area. See id. The Gallup Police were summoned, but Zuni had left the area by the time they arrived. See id.

On September 21, 2005, the United States alleges that Zuni abducted and sexually assaulted Billy, which resulted in the charges pending before the Court. See id. at 3. On that same date, Zuni was charged in the Gallup Magistrate Court with violating a state restraining order. See PSR at 3. The victim was Billy. See id. The case was pending when Zuni was arrested, but the case was dismissed on October 18, 2005. See Memorandum at 2.

Also on September 21, 2005, Zuni was charged in Gallup Magistrate Court with: (i) Kidnapping; (ii)-(iii) Criminal Sexual Penetration (Force/Coercion); and (iv) Aggravated Battery Against a Household Member (Deadly Weapon/Great Bodily Harm). See id. This case was pending when Zuni was arrested, but the case was dismissed on October 18, 2005. See id. Although the last two charges occurred on the same date as the offense before the court, those were state offenses. See id. Those two offenses are related to the offense before this Court.

**PROCEDURAL BACKGROUND**

Zuni was arrested on September 28, 2005. On September 28, 2005, Zuni had an initial appearance before the Honorable Richard L. Puglisi, United States Magistrate Judge. On September 29, 2005, Zuni waived a preliminary hearing. That same day, a detention hearing was held before Judge Puglisi. Judge Puglisi ordered Zuni detained as a risk of danger to the community. See

Transcript of Hearing at 19:3-9 (taken June 12, 2006).[1]

On October 26, 2005, a Grand Jury sitting in the District of New Mexico returned a two-count indictment in this case, charging Zuni with Crimes in the Special Maritime and Territorial Jurisdiction of the United States: Kidnapping in violation of 18 U.S.C. § 1201(a)(2) and Aggravated Sexual Abuse in violation of 18 U.S.C. § 2241(a). See Indictment at 1-2, filed October 26, 2005 (Doc. 10). In October 2005, both of the pending state cases were dismissed. See Memorandum at 2.

Zuni reports that he has remained in custody since that time, a period of more than eight months. See Motion for Continuance at 1. He states that he has been at the Regional Detention Center in downtown Albuquerque for this period of time. See id. Zuni represents that he is confined in isolation and has been so housed since his arrest as a result of his law enforcement background. See id. Zuni represents that the time in isolation has been extraordinarily difficult for him and that he is thereby being deprived of his ability to be an effective witness in this case. See id.

On November 23, 2005, Zuni filed a Motion to Review Order of Detention (Doc. 17). On December 16, 2005, Judge Puglisi held a hearing on Zuni's motion to reconsider detention. Judge Puglisi heard argument and reviewed evidentiary documents, and, at the conclusion of the hearing, Judge Puglisi denied the motion and ordered the continued detention of Zuni pending trial. See Order at 1, filed December 16, 2005 (Doc. 26). The Court remanded Zuni into custody as a risk of danger. See Transcript of Hearing at 19:3-9.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Zuni states that most of the delay in this case has occurred because of efforts to obtain records from the Navajo Nation. See Motion for Continuance at 2. Zuni states that he is reluctant to endure further trial delay because of its impact on him due to his custodial status. See id. at 3. Zuni contends, however, that, because he has not been the cause of any of this delay, and because the delay may be partly a result of a legal issue involving the entitlement of the Navajo Nation to refuse to cooperate with subpoenas for documents, the Court should order a continuance and that he should be released on appropriate conditions until compliance with the subpoena can be assured. See id. at 3-4.

Zuni moved the Court to continue the trial, set for June 12, 2006, to the next available date and that he be released from custody subject to appropriate conditions until the trial takes place. See id. at 1. The Assistant United States Attorney, Charles Barth, did not oppose the request for a continuance, but "strongly" opposes Zuni's release from custody. Response at 1, filed June 9, 2006 (Doc. 46). By order entered June 9, 2006, the Court vacated the trial, rescheduled the trial on the Court's next trailing docket, and scheduled a detention hearing on June 12, 2006 at 9:00 a.m. See Order at 2, filed June 9, 2006 (Doc. 47).

## 18 U.S.C. § 3142

18 U.S.C. § 3142(e) provides:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

Section 3142(g) sets forth the factors the court must examine to determine whether detention pending trial is appropriate: (i) "the nature and circumstances of the offense charged"; (ii) "the weight of the

-9-

evidence against the person"; (iii) "the history and characteristics of the person"; and (iv) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

## ANALYSIS

The Court will deny Zuni's request because he should remain in custody pending resolution of this matter. Before making this decision, the Court considered all alternatives to detention; however, based on the nature and circumstances of the offense charged, the history and characteristics of the person, and the nature and seriousness of the danger to the alleged victim in this case, there is no condition or combination of conditions that will reasonably assure the alleged victim's safety.

### I.   NATURE AND CIRCUMSTANCES OF THE OFFENSE CHARGED.

The offenses charged in the Indictment are serious and violent. The Grand Jury charged Zuni with Kidnapping and Aggravated Sexual Abuse. See Indictment at 1-2. Essentially, the United States accuses Zuni of violating a court order requiring him to stay away from Billy, abducting her, and repeatedly raping her under threat of death. See Notice of Intent to Offer Res Gestae Evidence at 3. These offenses allegedly occurred against a former domestic partner. The violent nature and circumstances of the charged offenses against a former domestic partner counsel against allowing his release from detention pending trial.

### II.   WEIGHT OF THE EVIDENCE AGAINST ZUNI.

At this time, the Court cannot evaluate the weight of the evidence against Zuni, because the United States has not presented to the Court the evidence underpinning its charges against Zuni. As such, this factor gives no support to either side.

### III. ZUNI'S HISTORY AND CHARACTERISTICS.

Zuni's history is one of repeated violations of court orders and violent incidents. In August 1999, Zuni allegedly touched Upshaw inappropriately and made inappropriate comments to her while he was investigating a domestic violence incident. See Memorandum at 1. The next month, Zuni allegedly grabbed, pushed, and threatened to kill Becenti; for this incident, he was charged with threatening and battery and sentenced to ninety days jail and a $250.00 fine. See id. Several days after that incident, he allegedly violated a court order when he visited Becenti's home. See id. In June 2002, he was charged with Battery and Endangering the Welfare of a Minor. See id. A year later, he allegedly grabbed, pushed, and prevented Billy from leaving his presence. See id. On the same day that he was charged with violating a state restraining order, see PSR at 3, he allegedly kidnapped and assaulted Billy after a court order barred him from contact with her. See Domestic Abuse Protection Order at 2-3. Given this chronicle of violence toward close associates, and Zuni's history of violating court orders, this factor counsels against allowing his release from detention pending trial.

### IV. THE NATURE AND SERIOUSNESS OF THE DANGER TO BILLY.

Primarily, the Court rests its conclusion that Zuni should be detained pending trial on the nature and seriousness of the risk to Billy. First, as recounted above, Zuni has a history of violent acts against women, including Billy. Second, he has displayed an inability to follow court orders restraining him from contact with these women, giving no assurance to the Court that he would obey its orders to stay away from Billy. While the Court considered releasing Zuni with electronic monitoring and allowing him to live with his niece in Albuquerque, the Court is not confident that Zuni will abide the terms of his release. If Zuni violates his conditions – a prospect all too likely given

his past – he poses a high degree of danger to Billy, given the history of their relationship and their children's residence with Billy. Also, law enforcement may not be able to intercept Zuni or warn Billy before he reaches Gallup. Allowing Zuni out of detention now would pose too great of a risk to Billy. As a result, the Court will deny Zuni's request for release because there is no condition or combination of conditions that will reasonably assure Zuni's appearance and Billy's safety.

**IT IS ORDERED** that the Defendant's request for conditions of release is denied. The Defendant will continue to be detained pending trial.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

David C. Iglesias
  United States Attorney for the District of
    New Mexico
Charles L. Barth
Fred C. Smith
  Assistant United States Attorneys for the District of
    New Mexico
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Ray Twohig
Ray Twohig, P.C.
Albuquerque, New Mexico

*Attorney for the Defendant*